UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

The NOCO Company,  Case No. 3:18-cv-2708

    Plaintiff,

v.  ORDER

Javier Peterson,

    Defendant.

    Before me is the second motion of Plaintiff the NOCO Company for a default judgment. (Doc. No. 33). Plaintiff previously moved for a default judgment after the Clerk of Court entered a default on September 3, 2020. (Doc. No. 21). I concluded Plaintiff's complaint did not establish Plaintiff was entitled to default judgment on all of its claim and ordered Plaintiff to file an amended complaint. (Doc. No. 22).

    Plaintiff filed an amended complaint on October 30, 2020, (Doc. No. 24), and subsequently perfected service on Defendant Javier Peterson. (Doc. No. 27). Peterson did not respond to the amended complaint. Following Plaintiff's application, the Clerk of Court entered a default against Peterson on March 22, 2021.

    Plaintiff asserts claims for declaratory judgment and a permanent injunction; unfair competition; tortious interference with contract; trademark infringement in violation of 15 U.S.C. § 1114; the Ohio Deceptive Trade Practices Act, Ohio Revised Code § 4165.02; and copyright infringement in violation of 17 U.S.C. § 501 *et seq.* (Doc. No. 24 at 4-7). Plaintiff seeks disgorgement of profits and an award of attorney fees and costs. (*Id.* at 7).

A court may enter a default judgment pursuant to Rule 55(b)(2), which provides, in these circumstances, that "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Wilson v. D & N Masonry, Inc.*, No. 1:12-CV-922, 2014 WL 5089419, at *1 (S.D. Ohio Oct. 9, 2014) (citation omitted).

The allegations of the amended complaint, when taken as true, demonstrate Plaintiff is entitled to judgment in its favor on each of its claims. Further, I conclude Plaintiff is entitled to a declaratory judgment that Peterson sold Plaintiff's products, used Plaintiff's trademarks, and violated Plaintiff's copyrights without authorization, and that Peterson's conduct has caused Plaintiff harm.

Peterson is permanently enjoined from any further sales of Plaintiff's products and is ordered to surrender to Plaintiff all proceeds from the infringing sales.

Finally, I conclude Plaintiff is entitled to an award of reasonable attorney fees and costs pursuant to 15 U.S.C. § 1117(a). Plaintiff shall submit appropriate documentation within fourteen days of the date of this Order.

So Ordered.

                                                        s/ Jeffrey J. Helmick
                                                        United States District Judge